IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRETT H. GREEN,

    Plaintiff,

v.

    Case No.: 8:07-cv-00969-EAK-EAJ

JIM COATS, Sheriff,
PINELLAS COUNTY
SHERIFF'S DEPARTMENT
and KENNETH R. GARRIS,
Deputy,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause comes before the Court on Jim Coats, Pinellas County Sheriff's Department, and Kenneth R. Garris', Motion to Dismiss, (Dkt. 3), filed on June 6, 2007; Defendant's Memorandum of Law in Support of Motion to Dismiss, (Dkt. 4), filed on June 13, 2007; and Plaintiff, Brett H. Green's, Response to Motion to Dismiss Complaint, (Dkt. 11), filed on June 28, 2007. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**, in part, and **DENIED**, in part.

### BACKGROUND

On May 22, 2005, Green was pursued and arrested by the Pinellas County Sheriff's Department deputies. Green was tackled by Lester A. Rodriguez, and was subsequently allegedly held by seven Sheriff's Deputies, while Garris stunned Green with his tazer gun. Green alleges he was tazered fifteen to twenty times. The marks on Green's back were photographed by the Sheriff's Department, and later by the Public Defender's office. (See Green's Exhibit) Green asserts that Garris' use of the stun gun amounted to "excessive force,"

and "cruel and unusual punishment." Green also asserts that the stun gun created "deep burns," and that when he was booked at the County Jail, he did not receive medical treatment for these burns. Green filed a motion for summary judgment on the issue of exhaustion of administrative remedies as to his arrest on June 29, 2007, (Dkt. 13). Defendants responded to the motion for summary judgment (Dkt. 15) and Green filed a reply stating that his motion for summary judgment should have been a supplement to his allegations. (Dkt. 17).

## STANDARD OF REVIEW FOR MOTION TO DISMISS

A trial court, in ruling on a motion to dismiss, is required to review the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). In deciding a motion to dismiss, a court can only examine the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D. Fla. 1995). If no construction of the factual allegations support the cause of action, then it is appropriate to dismiss the complaint. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs.*, 769 F.2d 700, 703 (11th Cir. 1985). In addition, *pro se* complaints are held to a less stringent standard than those drafted by an attorney. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986), citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

## DISCUSSION

Green alleges that the deputies used excessive force and the Sheriff's Department denied him medical treatment after his arrest when he was booked. The Defendants claim that the complaint should be dismissed for three reasons: plaintiff has not alleged that he has exhausted all administrative remedies; plaintiff has not alleged that the relief he seeks will imply the invalidity of his conviction bringing into play *Heck v. Humphrey*, 512 U.S. 477 (1994); and

plaintiff has not alleged that he has engaged in, and completed, the State of Florida's substantive and mandatory pre-suit screening of medical negligence claims. In addition, the Court questions whether the Sheriff and the Sheriff's Department are proper parties.

I. Exhaustion of Remedies

Although Green does not specifically cite the law, this action would fall under 42 U.S.C. § 1983 (1996). Section 1983 provides for a civil action against persons acting under the color of law who deprive individuals of their constitutional rights. 42 U.S.C. § 1983. Green is alleging that Garris violated his constitutional rights when Garris tazered him fifteen to twenty times. The defendants contend that the Prison Litigation Reform Act (PLRA) requires that Green exhaust any administrative remedies relative to this claim before he raises it, and that he has not done so. Therefore, the defendants contend the claim should be dismissed.

The PLRA, as stated in 42 U.S.C § 1997e (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983...until such administrative remedies as are available are exhausted." The defendants provide case law that holds a claim should be dismissed if the prisoner does not first exhaust administrative remedies. However, the cases the defendants cite, to establish that exhaustion of remedies is mandatory to bringing suit, deal with prisoners complaining about prison conditions, or things that occurred after they were already in prison or jail. *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998) (Prisoner complained about prison officials restricting access to magazines which were sexually explicit or featured nudity); *Booth v. C. O. Churner, et al.*, 532 U.S. 731 (2001) (Prisoner alleged use of excessive force by the prison guards); *Brown v. Sikes*, 212 F.3d 1205 (11th Cir. 2000) (Prisoner alleged the warden and correctional staff deprived him of the necessary medical treatment he needed); *Haines*, 404 U.S 519 (Prisoner alleged he was deprived of rights when he was placed in

3

solitary confinement); *Higginbottom v. Carter*, 223 F.3d 1259 (11th Cir. 2000) (Prisoner brought a suit against the Department of Corrections for excessive use of force); *Porter v. Nussle*, 534 U.S. 516 (2002) (State inmate brought claim against the correction officers for alleged constitutional violations); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006) (State Prisoner brought § 1983 claim against correction officers challenging the restrictions which were placed on his participation in special programs); *Wright v. Newsome*, 795 F.2d 964 (11th Cir. 1986) (Prisoner brought suit against warden because the correction officers searched his cell and destroyed some of his property).

The defendants also cite to *Rivera v. Allin* for the assertion that because Green failed to allege he exhausted his remedies before filing his claim, Green has failed to state a claim for which relief could be granted. 144 F.3d 719, 731 (11th Cir. 1998). However, exhaustion of remedies is an affirmative defense to be asserted by the defendant. *Jones v. Bock*, 127 S.Ct. 910 (2007). Irregardless, the PLRA does not apply in this instance because in the case before the court, the "excessive force" and "cruel and unusual punishment" alleged by Green occurred in the process of apprehension, and not while Green was already in jail. This is not a case of a prisoner complaining about the way he is being treated while incarcerated, but rather a claim of excessive force that allegedly occurred in the process of the arrest. Thus, the PLRA would not apply to Green in this case, and Green is not barred from bringing this claim for not exhausting administrative remedies.

II. <u>Invalidity of Conviction</u>

If a judgment in favor of the plaintiff would imply the invalidity of a conviction, then the complaint should be dismissed, unless the plaintiff can show that the conviction has been declared invalid or questioned by another tribunal. *Heck v. Humphrey*, 512 U.S. 477 (1994).

However, if the action would not demonstrate the invalidity of a conviction, then the action should be allowed to continue. *Id.* at 487. *Dyer* asserts that as long as it is possible that a § 1983 claim would not negate the underlying conviction, then the action should not be dismissed as set out in *Heck*. *Dyer v. Lee*, --- F.3d ----, 2007 WL 1597855 (11th Cir. 2007).

In this case, Green alleges that he was not arrested for resisting arrest, but rather he was arrested on other charges. The defendant asserts that Green has not alleged sufficient facts for the Court to determine whether a judgment in favor of Green would demonstrate the invalidity of his conviction. This Court can not ascertain the charges against Green. However, Green stated in his response to the motion to dismiss that he was not arrested for resisting arrest. Thus, the claim of excessive force would not negate an element of the underlying charge.

### III. Pre-suit Screening of Medical Negligence Claims

Green's second assertion is that the police officers neglected to ensure he was treated for the burns cause by the stun gun. The defendants assert that this is really a medical malpractice claim, and should be dismissed because Green failed to comply with the pre-suit requirements of Florida Statutes, Chapter 766. Defendants also allege that since two years have passed between the action and this suit, Green can not cure the pre-suit notice requirements.

This claim does not follow the Florida Statutes Chapter 766 because this is a federal claim under 28 U.S.C. §1331, and not a diversity claim under 28 U.S.C. §1332. Since this is a federal question claim the law followed by this Court is federal law and not state law. Thus, the Florida Statutes, even if it is substantive, would not apply in this situation.

The problem in the case before this court, when dealing with the claim about the alleged lack of medical care, is whether the statute of limitations has run on this potential claim. Because § 1983 does not contain a specific statute of limitations, 42 U.S.C.A. § 1988 (West

5

1981) directs courts to select and apply the most appropriate or analogous state statute of limitations. *Board of Regents of State of N.Y v. Tomanio,* 446 U.S. 478, 483-484 (1980). In this case, the Florida Statute of limitations would be applicable. Plaintiff's have only two years from the date an incident is discovered to bring a claim for medical malpractice. Fla. Stat. § 95.11 (2006). Since this incident occurred more then two years ago the medical claim brought by Green is barred.

The final problem with the medical claim stems from the failure to exhaust administrative remedies required by the PLRA. The PLRA did not apply to the excessive use of force claim because the allegations of injury occurred before Green was taken into custody; however, the PLRA is applicable to the claim that the Sheriff's Department failed to provide Green with medical care. As mentioned above, the PLRA mandates that no action should be brought until all administrative remedies are exhausted. Green has not alleged he has exhausted, or has attempted to exhaust, any administrative remedies relative to the medical claim.

Green's claim of lack of medical care is barred by the statute of limitations.

IV.   Proper Parties

Green has brought this suit against three different parties: Jim Coats, as sheriff; the Pinellas County Sheriff's Department; and Kenneth R. Garris. A sheriff's department is not a legal entity, so it is not capable of being sued. *Danhi v. Charlotte County Sheriff's Dept.*, 2006 WL 2226323, *5 (M.D. Fla. 2006) citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Also, a plaintiff cannot bring a suit against the sheriff solely on the basis of his supervisory position. *Id.* In this case, Green does not allege that the Sheriff participated in the constitutional deprivation, or that "a policy, custom, or practice...was the 'moving force' behind the alleged

misconduct as to render the sheriff liable in his official capacity." *Id.* Thus, the Pinellas County Sheriff's Department, and sheriff Jim Coats will be dismissed as improper parties in this case.

## CONCLUSION

Accordingly, the Court **ORDERS**:

1. Plaintiff's claim as to the defendants' failing to provide medical care is dismissed;

2. The Sheriff and the Pinellas County Sheriff's Department are dismissed as defendants; and

3. The remaining Defendant in this case is Deputy Garris in his individual and official capacities.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 23rd day of July, 2007.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:  All parties and counsel of record.